334 P.2d 554

T. Frank SEVY, Plaintiff and Respondent,

v.

UTAH FARM BUREAU INSURANCE COM-
PANY, a Utah corporation, Defendant
and Appellant.

No. 8952.

Supreme Court of Utah.

Jan. 23, 1959.

Kipp & Charlier, Salt Lake City, for appellant.

Olsen & Chamberlain, Richfield, for respondent.

HENRIOD, Justice.

Appeal from a $1,446.92 judgment sought by plaintiff under an insurance policy for damage to his car. Affirmed. Costs to plaintiff.

Only error assigned was failure to prove damages.

Defendant urges error in admitting testimony as to contents of a written appraisal of repair costs where the witness was not qualified as an expert and did not prepare the appraisal. We agree with defendant that the appraisal was inadmissible.

Generally, car damage is determinable by expert testimony as to repair cost, or by showing the differential in market value before and after the incident initiating the damage.

On March 27, plaintiff bought a car for $2,295. Same day, the seller's agent, in delivering it for minor repairs, wrecked it in an attempt to avoid hitting some horses. In applying the brakes, the car flipped over on its top, causing "complete body damage." "Every piece of glass was broken," said the driver, who added that "the top was shoved down to the seats." The seller took the damaged car as a credit on another which the plaintiff bought, and salvaged the wreck for $200.

Plaintiff's motion to amend his complaint upwards to $2,245 damages was denied as being untimely.

Purchase and sales prices of cars, among other things are probative of value, and tend to reflect an atmosphere in which willing buyers and sellers trade without compulsion. Here the evidence certainly points up damage in excess of $200, and up to $2,295.

No evidence attacked either the purchase or salvage price, and on such unassailed testimony, the court could have found the market value of the car to have been $200 after the mishap, with a resultant damage of up to $2,095. Having arrived at the much lower figure of $1,446.92 in applying one of two tests for determining damages, which test proved objectionable because based on inadmissible evidence, should not preclude plaintiff from recovery where, on uncontroverted, admissible evidence, canvassed in the light of an equally effective test for assessment of damages, plaintiff might merit a far greater award.

CROCKETT, C. J., and WORTHEN, WADE, and McDONOUGH, JJ., concur.